IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW JODDIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:05cv1080-MEF-DRB |
| | ) |
| NIX HOLTSFORD GILLILAND | ) |
| HIGGINS & HITSON, PC, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2), filed November 9, 2005. Upon consideration of the motion, it is hereby

**ORDERED** that the motion is GRANTED.

However, upon review of the complaint filed in this case (Doc. 1), the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff appears to be seeking review of an automobile accident case for which the Alabama Supreme Court denied certiorari on the grounds that his appeal was untimely filed. He has attached to his complaint documentation from state court proceedings involving this case, including a copy of the Alabama Court of Civil Appeals order affirming the decision of the Montgomery Circuit Court and a certificate of judgment from the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Alabama Supreme Court denying plaintiff's petition for writ of certiorari. In the present case, plaintiff seeks "to appeal a decision from the Alabama State Supreme Cou[r]t dated September 3, 2004." (*See* Doc. 1-2, Attachment to Complaint.)

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to consider claims that are "inextricably intertwined" with a state court judgment. Dale v. Moore, 121 F.3d 624 (11th Cir. 1997). "The essence of the *Rooker-Feldman* doctrine is that 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings.'" Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir. 1994) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). This court lacks jurisdiction to review the certificate of judgment entered by the Alabama Supreme Court in this case, as well as the decisions rendered by the lower Alabama courts.

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge that this action be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction.**

It is further **ORDERED** that Plaintiff file any objections to this Recommendation not later than December 5, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 18th day of November, 2005.

/s/ **Delores R. Boyd**
DELORES BOYD
UNITED STATES MAGISTRATE JUDGE